UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHI L. WILLIAMS,

    Plaintiff,

    v.

DAN STAKE, *et al.*,

    Defendants.

Civil Action No. 14-1210 (JEB)

### MEMORANDUM OPINION

*Pro se* Plaintiff Kathi Williams originally filed this action as an age-discrimination suit against Defendant Signal Financial Federal Credit Union and its officers. With discovery underway, Williams now moves for leave to again amend her Complaint, this time by adding a count for race discrimination. As Signal correctly points out that she has not exhausted her administrative remedies for such a claim, the Court will deny the Motion as futile.

**I.    Background**

In her first Amended Complaint, which she was permitted to file as a matter of course, Williams alleged one count – age discrimination, in violation of the Age Discrimination in Employment Act. See ECF No. 10. Defendants then moved to dismiss on a variety of grounds, but the Court, in a Memorandum Opinion, dismissed only the individual officers. See ECF No. 16. As to Signal itself, the Court determined that Williams had timely filed her suit and could proceed to discovery. See id. A scheduling order issued on January 15, 2015, and discovery is set to close on August 28. See ECF No. 20.

On March 20, 2015, Plaintiff filed this instant Motion for Leave to File a [Second] Amended Complaint. See ECF No. 29. She alleges that her "research and [the] facts uncovered have led to the conclusion that race may have been a factor as well as age, in the discrimination suffered by plaintiff." Mot. at ECF p. 2. Williams asserts that she "received less pay and was denied promotion and future opportunities that were given to less qualified individuals who were either actually or perceived to be Caucasian." Id. at ECF p. 4. As a result, she seeks to add a claim for race discrimination under Title VII. See Mot., Exh. 1 (Proposed [Second] Amended Complaint). Signal opposes.

## II.     Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff must seek consent from the defendant or leave from the Court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the complaint would still be deficient notwithstanding the proposed amendment,

2

courts need not grant leave.  See In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

### III. Analysis

In opposing amendment here, Signal sets forth several arguments, but the Court need only address one – exhaustion.  Defendant convincingly explains that the only claim that Williams has exhausted is the one for age, not race, discrimination.  She may thus not proceed on the latter.

Exhaustion is a prerequisite for bringing Title VII claims: "Before bringing suit in federal court, [Title VII plaintiffs] must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it."  Marshall v. Federal Exp. Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997) (citing 42 U.S.C. § 12117(a)); see also Thomas v. Vilsack, 718 F. Supp. 2d 106, 117 (D.D.C. 2010) ("Because timely exhaustion of administrative remedies is a prerequisite to a Title VII action . . . a court may not consider a discrimination claim that has not been exhausted in this manner absent a basis for equitable tolling.") (internal quotation marks omitted).

In this case, Williams did file a charge of discrimination with the District's Office of Human Rights, as plaintiffs planning to sue private employers must do.  See Opp., Exh. A (Charge of Discrimination).  Such charge, however, asserted only that Plaintiff had been the

victim of <u>age</u> discrimination.  <u>See id.</u>  It said nothing about <u>race</u> discrimination nor implied that anything else impermissible had occurred.  In fact, Williams specifically checked the box for age discrimination and left blank the one for race discrimination.  <u>See, e.g.</u>, <u>Nyunt v. Tomlinson</u>, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (no exhaustion of race or retaliation claim where plaintiff checked boxes for age and national-origin discrimination, but not race or reprisal).

   Signal acknowledges that a strict identity between administrative charges and claims in an ensuing suit is not required in order for exhaustion to be accomplished.  <u>See</u> Opp. at 4.  A Title VII action, instead, is limited to claims that are "like or reasonably related to the allegations of the charge and growing out of" such allegations.  <u>Park v. Howard University</u>, 71 F.3d 904, 907 (D.C. Cir. 1995); <u>but cf.</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002) (each incident of discrimination constitutes separate actionable unlawful employment practice for which administrative charge must be filed).  The Court need not parse the precise interplay between <u>Morgan</u> and <u>Park</u> because even under a more lenient standard, Williams's race-discrimination allegation is not reasonably related to her one for age discrimination, nor would it fall within the scope of any "administrative investigation that [would] reasonably be expected to follow" her EEOC age charge.  <u>Park</u>, 71 F.3d at 907; <u>see, e.g.</u>, <u>Scott v. Dist. Hosp. Partners, L.P.</u>, No. 13–0600, 2014 WL 3702855, at *4 (D.D.C. July 28, 2014) ("Because disability discrimination is a new substantive theory, separate from her 2011 EEOC charge of age and race discrimination, it does not grow out of the subject matter of the original charge."); <u>Thrash v. Library of Cong.</u>, No. 04–0634, 2006 WL 463251, at *6 (D.D.C. Feb. 24, 2006) ("[T]he court determines that the defendant did not have notice of the plaintiff's charges of age discrimination for a refusal to transfer the plaintiff based on her administrative charges of race and gender discrimination.").

As Williams's race-discrimination claim has not been exhausted at the administrative level, she may not amend her Complaint to add it here.

## IV. Conclusion

The Court, accordingly, will deny Plaintiff's Motion for Leave to Amend. A contemporaneous Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 6, 2015